## Case No. 2,738.

### CITY BANK OF COLUMBUS v. FARMERS' & PLANTERS' BANK OF BALTIMORE.

[Taney, 119.][1]

Circuit Court, D. Maryland. Nov. Term, 1847.

RIGHTS OF HOLDER OF BANK-NOTE.

1. Where a bank-note is taken in the usual course of business, bona fide, and under circumstances which would not have excited the suspicion of a person of ordinary prudence and care in business, that it was lost by, or stolen from, the rightful owner, and was not the property of the person who then held it, the fact of its having been lost or stolen from the rightful owner, will be no defence to an action on the note brought by the person so taking it.

2. But such defence will be a good one, if the note were taken under circumstances which ought to have excited the suspicion of a person of ordinary prudence and caution, and led him to make inquiry before the note was taken by him.

Plaintiff's prayer: If the jury shall believe, from the evidence, that the plaintiff took the bank-note which is the subject of this action, for a valuable consideration, in the usual course of the plaintiff's business as a bank, fairly and bona fide, without notice or knowledge that said bank-note had been lost or stolen, or that any former holder had been illegally dispossessed of it, then the plaintiff is entitled to recover.

Defendant's prayer: Where a bank-note is lost or stolen, a party who seeks to make title to it against the owner, must show, not only that he has given value for it, but also that

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

he took it under circumstances which were not calculated to excite the suspicions, in regard to it, of a prudent and careful man.

J. Meredith, for plaintiff.
J. Mason Campbell, for defendant.

TANEY, Circuit Justice. The City Bank of Columbus is entitled to recover in this action, if the bank-note in question was taken for a valuable consideration, in the usual course of its business as a bank, bona fide, and under circumstances which would not have excited the suspicion of a person of ordinary prudence and care in business, that the note had been lost by, or stolen from, the rightful owner, and was not the property of the person who then held it. But if it was taken under circumstances which ought to have excited the suspicion of a person of ordinary prudence and caution, and led him to make further inquiry, before the note was taken, then the bank took it at its peril, and is not entitled to recover.

Verdict for the plaintiff.